UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **AWSUKNE D. BIBBS**<br>    **LA. DOC #572826**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1360**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN ALVIN JONES, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Awsukne D. Bibbs filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 19, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He complained that he was denied medical care while he was incarcerated at the Riverbend Detention Center (RDC), Lake Providence, Louisiana; he also complained that he was unable to participate in rehabilitative programs and thus earn good time credits at that institution. Finally, he complained that a corrections officer used pepper spray on another inmate. He sued Warden Alvin Jones, Assistant Warden James Shaw, and Lt. Douglas Killian and prayed for $500,000 in compensatory damages "for not being able to learn a trade or enroll in any self-help programs or to be able to earn extra good time credits and also because of medical negligence." He also requests an order directing his transfer to another facility where he can learn a trade and earn good time credits. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted pursuant to 28 U.S.C. §1915A.

*Background*

Plaintiff is an inmate in the legal custody of the LDOC; when he filed this complaint he was incarcerated at the RDC. Shortly after filing the complaint he was transferred to the East Carroll Detention Center.

On some unspecified date, while he was incarcerated at RDC, he complained of kidney stones to Nurse Coleman and Assistant Warden Shaw. Plaintiff presented papers demonstrating previous treatment. He claimed that he was passing blood and he offered to submit urine for inspection but his offer was declined and he was sent back to his dorm "in pain." Thereafter, it is unclear what transpired; however, elsewhere plaintiff faulted these defendants for their "medical negligence."

On February 11, 2011, Lt. Killian "pepper sprayed" inmate Corey Montgomery in the dining hall. Montgomery was then placed in lock-down. Killian returned to the dining hall and stated, "I meant to spray him yesterday and I have one more inmate to spray."

Finally, plaintiff complained that there are no rehabilitative programs available at the RDC and plaintiff is therefore unable to earn good time credits or to learn a trade, or to otherwise participate in self improvement programs such as are available in other institutions.

Plaintiff seeks compensatory damages and his transfer to another prison.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §1915A. The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir.1998). Plaintiff has paid the full filing fee.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* \_\_\_ U.S. \_\_\_, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably

3

meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint arguing three claims for relief. As is shown below, with regard to each claim asserted herein, plaintiff fails to state a claim for which relief may be granted and therefore further amendment would serve no useful purpose.

## 2. Medical Care

Plaintiff claims that he was denied medical care on some unspecified date when he experienced pain and bloody urine and his request for unspecified medical attention was denied by the facility's nurse, Nurse Coleman, and its assistant warden, James Shaw.

The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly,

or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings.

As a matter of fact, it is manifestly obvious that plaintiff simply disagreed with the decision of Nurse Coleman who apparently observed him at the time he requested unspecified treatment. She apparently concluded that plaintiff was not in need of further treatment and plaintiff's disagreement with her diagnosis falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985). It should also be noted that plaintiff did not name Nurse Coleman as a defendant; it must therefore be concluded that he was unable to articulate any fault with regard to her diagnostic and treatment decision. Finally, he did not allege that any harm befell him as a result of the denial of medical care on the unspecified date in question.

Finally, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a

substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

Here, plaintiff points to one isolated instance where he requested and was denied unspecified medical assistance. He has elsewhere alleged that he is entitled to relief because of the "medical negligence" of defendant Shaw. Clearly he has not faulted Nurse Coleman and has only alleged negligence on the part of Shaw. He thus failed to state a claim for which relief may be granted.

*3. Standing*

Plaintiff also complained about an incident that allegedly occurred on February 10, 2011, when Lt. Killian administered pepper spray to an inmate who was being confined to lock down. He complained about Killian's actions and his statement "I have one more inmate to spray...", however, he nowhere alleged that he was in any way involved in the incident.

Plaintiff has invoked the jurisdiction of this court and seeks redress pursuant to 42 U.S.C. §1983. That statute creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir.2002), *cert. denied*, 539 U.S. 914, 123 S.Ct. 2274, 156 L.Ed.2d 130 (2003).

The jurisdiction of a federal court may be invoked when a plaintiff has suffered some threatened or actual injury as a result of an allegedly unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Therefore, in order to have "standing" to bring a claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing*

*Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (*en banc*), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992)." Plaintiff complained about the administration of a chemical agent on another inmate by one of the defendants. However he has not alleged that **HE** suffered any injury or harm as a result of the complained of incident. Since plaintiff sustained no identifiable injury as a result of the incident he lacks standing to sue under §1983 and his claim must be dismissed for failing to state a claim for which relief may be granted.

### *4. Rehabilitation/Good Time/Transfer*

Finally, plaintiff seeks transfer to another facility where he may participate in unspecified rehabilitation programs and earn good time credits.

Plaintiff mistakenly assumes that he has a Constitutional right to educational or vocational programs, to social services, or to other unspecified rehabilitation programs. Inmates do not a have a protected property or liberty interest in rehabilitation programs such as prison employment. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Nor do prisoners have a constitutional right to participate in drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections). The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988). Nor do prisoners have a constitutional right to

"social services." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Thus, plaintiff's complaint, insofar as it asserts the existence of a constitutional right to rehabilitation programs, fails to state a claim for which relief may be granted.

Plaintiff also complains that because he is unable to participate in various self-improvement or rehabilitation programs he is also denied the opportunity to earn good time credits. Louisiana law (see La. R.S.15:828) does in fact encourage the adoption of such programs and provides that the LDOC's "... rules and regulations <u>may include provisions for furloughs or the awarding of good time ... for offenders who are otherwise eligible</u>." Plaintiff implies that the defendants are in violation of the Constitution because their failure to provide self-improvement programs has interfered with his ability to earn good time credits. However, plaintiff again fails to state a claim for which relief may be granted since inmates do not have a protected liberty interest in their classification status or in the opportunity to earn good-time credits. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995), *cert. denied*, 116 S.Ct. 1690 (1996) (loss of opportunity to earn good-time credits is merely a collateral consequence of the prisoner's custodial status which does not create a constitutionally protected liberty interest). While prisoners who are entitled to release on mandatory supervision have a protected liberty interest in <u>previously earned good-time credits</u> they are not constitutionally entitled to earn such credits. *Compare Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir.2000) (The relation of good time-earning status to a prisoner's release date is too speculative to create a liberty interest).

Finally, plaintiff demands his transfer to another prison. However, such relief is not available, even if his claims are otherwise meritorious. Plaintiff is an LDOC inmate. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular

institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

Therefore, to the extent that plaintiff seeks an order directing the defendants to transfer him

to another prison, his claim should be dismissed for failing to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore.

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana October 20, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE