

RECEIVED
IN MONROE, LA.
DEC 27 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AWSUKNE D. BIBBS<br>LA. DOC #572826 | CIVIL ACTION NO. 11-1360 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN ALVIN JONES, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

RULING

Pro se plaintiff Awsukne D. Bibbs ("Bibbs"), an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 19, 2011, complaining of events arising from his incarceration at the Riverbend Detention Center ("RDC"), in Lake Providence, Louisiana. He complains that he was denied medical care; that he was unable to participate in rehabilitative programs and thus denied the ability to earn good time credits while at RDC; and that a corrections officer used pepper spray on another inmate. He sued Warden Alvin Jones, Assistant Warden James Shaw, and Lt. Douglas Killian and prayed for $500,000 in compensatory damages "for not being able to learn a trade or enroll in any self-help programs or to be able to earn extra good time credits and also because of medical negligence." He also requested a transfer to another facility where he can learn a trade and earn good time credits.

On July 29, 2011, the Clerk of Court received notice from Bibbs that he had been transferred to East Carroll Detention Center ("ECDC") in Lake Providence, Louisiana. The Clerk of Court updated his address at that time.

On September 2, 2011, the Clerk of Court received Bibbs' motion for leave to proceed in

forma pauperis [Doc. No. 5]. Although the form motion was mailed from a residential address in Pensacola, Florida, and Bibbs did not answer the question on the form inquiring as to whether he was incarcerated, Bibbs did provide a statement of account which was certified by an officer for East Carroll Detention Center. [Doc. No. 5, p. 6].

On September 8, 2011, Magistrate Judge Karen L. Hayes denied the motion as moot because Bibbs had previously submitted the $350.00 filing fee. [Doc. No. 6].

On October 3, 2011, Magistrate Judge Hayes' September 8, 2011 Order [Doc. No. 6] was returned to the Clerk of Court with the handwritten notation "RTS" and "Caldwell 13673." The envelope was stamped, "NOT DELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." [Doc. 7]

On October 20, 2011, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 8], recommending that the Court dismiss Bibbs' Complaint with prejudice for failing to state a claim upon which relief can be granted. Although the Clerk of Court mailed a copy of the Report and Recommendation to Bibbs at ECDC, that copy was also returned on October 28, 2011, with the handwritten notation "R.T.S. Not here."

Bibbs has not contacted the Court since September 2, 2011, the date the Clerk of Court received and filed his application to proceed *in forma pauperis*.[1]

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash*

---

[1]The date on the envelope is indecipherable.

2

*R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule 41.3 of this District provides in part, "The failure of ... [a] pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have elapsed since correspondence to Bibbs was returned as undeliverable, and Bibbs has yet to apprise the Court of his current whereabouts.

Dismissal at this time may bar Bibbs from re-filing the instant suit under the applicable statute of limitations. If so, dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The Court finds that the requirements for a dismissal with prejudice are satisfied in this case. Bibbs has ignored the Federal Rules of Civil Procedure and a Local Rule of this Court and failed to

keep the Court apprised of his current whereabouts. Further, he has made no attempt to contact the Court since September 2011 when he submitted his application to proceed *in forma pauperis*. While Bibbs paid the filing fee, the statement of his prison account indicates that he does not enjoy sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that Bibbs no longer wishes to pursue his cause of action. Finally, Bibbs' failure to abide by court rules must be personally attributable to him as a *pro se* litigant.

Under these facts and circumstances, the Court DECLINES TO ADOPT the Report and Recommendation of Magistrate Judge Hayes at this time. Instead, Bibbs' Complaint is **DISMISSED** in accordance with the provisions of Fed. R. Civ. P. 41(b) and Local Rule 41.3.

MONROE, LOUISIANA, this 27 day of December, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE