RECEIVED
IN MONROE, LA.

APR 0 4 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AWSUKNE D. BIBBS<br>LA. DOC #572826 | CIVIL ACTION NO. 11-1360 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN ALVIN JONES, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

RULING

Pro se plaintiff Awsukne D. Bibbs ("Bibbs"), an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 19, 2011, complaining of events arising from his incarceration at the Riverbend Detention Center ("RDC"), in Lake Providence, Louisiana.

On October 20, 2011, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 8], recommending that the Court dismiss Bibbs' Complaint with prejudice for failing to state a claim upon which relief can be granted. Although the Clerk of Court mailed a copy of the Report and Recommendation to Bibbs at East Carroll Detention Center ("ECDC"), his last known residence, the copy was returned on October 28, 2011, with the handwritten notation "R.T.S. Not here."

On December 27, 2011, the Court issued a Ruling [Doc. No. 10] and Judgment [Doc. No. 11] declining to adopt the Report and Recommendation, but dismissing Bibbs' Complaint for in accordance with the provisions of Fed. R. Civ. P. 41(b) and Local Rule 41.3. for failure to update his address and prosecute his case.

However, on February 24, 2012, the Clerk of Court received and filed a letter motion from

Bibbs. [Doc. No. 15]. In the motion, Bibbs explained that he has been moved several times between July 2011 and February 2012. Under these circumstances, the Court found good cause to re-open this matter to allow Bibbs the opportunity to file objections to the Magistrate Judge's Report and Recommendation. *See* [Doc. No. 17]. Bibbs was ordered to file any objections to the Magistrate Judge's Report and Recommendation by placing the objections in the prison mailing system no later than March 30, 2012. *Id.*

On March 8, 2012, Bibbs timely submitted objections to the Report and Recommendation, along with additional documentation in support of his civil rights Complaint. [Doc. No. 18]. Bibbs' objections were received and filed by the Clerk of Court on March 12, 2012.

On March 30, 2012, the Clerk of Court also received and filed Bibbs' motion to appoint counsel. [Doc. No. 19]. Bibbs states that he is "asking for a court appointed lawyer[.] I have money that can be taken out of my account." [Doc. No. 19].

The Court will first address Bibbs' motion for appointment of counsel to assist him in this matter. In a § 1983 case, Congress has not specifically authorized courts to appoint counsel for a plaintiff. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Under §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff, but the courts are not authorized to make compulsory appointments. *See Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814 (1989).

No precise definition of "exceptional circumstances" is available, but the United States Court of Appeal for the Fifth Circuit has provided a litany of factors for lower courts to consider in making

this determination. For example, the district court should consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d. 290, 293 n.14 (5th Cir. 1992); *see also Ulmer v. Chancellor*, 691 F.2d. 209, 213 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf because plaintiffs are not excused from making efforts to procure counsel on their own. *Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.

Bibbs initiated this action to vindicate his civil rights. He possesses first hand knowledge of the facts which form the basis of this action. Bibbs experienced no significant difficulty in filing his Complaint and recounting the facts to the Court prior to issuance of the Report and Recommendation or in his Objections to the Report and Recommendation. Finally, Plaintiff indicates that he may not, in fact, be indigent. He did not complete an in forma pauperis application in this matter, paid the entire $350.00 filing fee, and states that he has "money that can be taken out of his account." [Doc. No. 19]. Thus, applying the relevant factors and the record in this case, Plaintiff's motion for appointment of counsel [Doc. No. 19] is DENIED.

The Court next considers Bibbs' claims in this matter. Prior to the issuance of the Report and Recommendation, Bibbs asserted three claims: (1) that he was denied medical care, (2) that he was present when another inmate was pepper sprayed, and (3) that he should be transferred to a

facility where he can participate in rehabilitation programs and obtain good time credits. With regard to his claim that he should be transferred, Bibbs' objections and documentation add nothing new to the analysis. The Magistrate Judge addressed this claim correctly under the law, and the Court ADOPTS the Report and Recommendation's analysis of this claim, and the claim is DISMISSED WITH PREJUDICE.

With regard to his denial of medical care claim, Bibbs' objections further support dismissal. He states that on May 17, 2011, he "declared a medical emergency." [Doc. No. 18, p. 2]. In response, Lt. Russell (who is not a defendant) and Defendant Assistant Warden James Shaw ("Shaw") responded. Because a nurse was not available at the facility for three more days, Shaw called in Nurse Coleman (who is also not a defendant) from another facility to check on him. While Bibbs apparently disagrees with Nurse Coleman's treatment,[1] his objections make clear that the only Defendant involved in his medical care, Shaw, was not deliberately indifferent. The Court, therefore, ADOPTS the Report and Recommendation of the Magistrate Judge on this claim, and it is DISMISSED WITH PREJUDICE.

In her analysis of Bibbs' remaining claim, the Magistrate Judge concluded that Bibbs did not have standing to pursue a claim based on the pepper spraying of another inmate because Bibbs had not alleged "that **HE** suffered any injury or harm as a result of the complained of incident." [Doc. No. 8, p. 7]. In Objections, Bibbs admits that the pepper spray was not directed towards him, but he now claims that "[t]he pepper spray missed me but the pepper spray got into my lungs where it had me coughing for quite some time." [Doc. No. 18, p. 9]. Bibbs does not allege that he was

---

[1] To the extent that Bibbs seeks to amend his Complaint to add Nurse Coleman as a Defendant, the Court agrees with the Magistrate Judge that Bibbs' complaints fall short of establishing deliberate indifference. [Doc. No. 8, p. 5].

4

subjected to excessive force, that he suffered an injury requiring medical treatment, or that he was denied such treatment after exposure to pepper spray. Instead, the Court surmises that Bibbs intended to assert an Eighth Amendment violation of his right to be free from cruel or unusual punishment based on his incidental exposure. First, the Court finds that Bibbs' allegations–that he was accidentally pepper sprayed while a guard was attempting to confine another prisoner in lockdown– fail to rise to the level of Constitutional concern. Second, even if Bibbs stated facts sufficient to constitute cruel or unusual punishment, he could not recover damages in the amount of $500,000. Under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), a prisoner cannot recover compensatory damages for mental or emotional damages where no "qualifying physical injury" is alleged. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *see also Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam). A qualifying physical injury must be more than just *de minimis*. *Siglar*, 112 F.3d at 193 ("[W]e hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minim[i]s*, but need not be significant."). In this case, a period of coughing, even for "quite some time," was a temporary effect of limited exposure to pepper spray and constitutes only the type of *de minimis* physical injury for which a prisoner cannot recover compensatory damages. Thus, it is appropriate for the Court to dismiss his Eighth Amendment claim based on his exposure to pepper spray. *See Mayfield v. Texas Dep't of Crim. Justice*, 529 F.3d 599, 606 (5th Cir.2008).

Finally, in the motion for appointment of counsel, Bibbs appears to assert a new claim that he was denied his right to access the courts. Specifically, he contends that he was required to

provide his only copies of documents to this Court because he was not permitted to make additional copies, and he "couldn't look none of the stuff up because they don't have law books here. They only have one Federal law book." [Doc. No. 19]. However, Bibbs does not specify any additional claims that he would have raised in his Complaint, identify how these limitations prejudiced his ability to set forth the facts of his claims for the Court, or detail any other actual injury. As Bibbs has failed to demonstrate an actual injury in connection with this claim, to the extent asserted, this claim, too, is appropriate for dismissal. *See Christopher v. Harbury*, 536 U.S. 403, 415-416 (2002); *see also Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

MONROE, LOUISIANA, this 4 day of April, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE